IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| KENNETH ADAMS, ) | CASE NO. 5:11CV904 |
| ) | |
| Plaintiff, ) | JUDGE GAUGHAN |
| ) | |
| v. ) | MAGISTRATE JUDGE |
| ) | KATHLEEN BURKE |
| ) | |
| MICHAEL J. ASTRUE ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |

Plaintiff Kenneth Adams ("Adams") through counsel Dianne Newman ("Newman), filed an application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  Doc. 21.  The Commissioner of Social Security ("Commissioner") filed a response to the motion on June 26, 2012.  Doc. 23.  This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2(b)(1).  For the following reasons, the undersigned recommends  that the motion for attorney fees be GRANTED IN PART and DENIED IN PART.

**I.  Procedural History**

On June 5, 2012, this Court issued a Report and Recommendation that the final decision of the Commissioner be reversed and the case remanded for further proceedings.  Doc. 17. Judge Gaughan accepted the Report and Recommendation and remanded the matter for further proceedings.  Doc. 19.  Adams filed a motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA") requesting $5,000.00.  Doc. 21.  This sum includes 28.45 hours of attorney services at a rate of $176 per hour.  Doc. 21.

1

**II. Law & Analysis**

The EAJA provides for payment of fees and expenses to the prevailing party in an action against the United States unless the position of the United States was substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d)(1)(A); *Howard v. Barnhart,* 376 F.3d  551, 553 (6th Cir. 2004).  In this case, the Commissioner does not contest that Plaintiff was the prevailing party. *See Shalala v. Schaefer,* 509 U.S. 292, 300-01, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993) (holding a sentence-four remand "terminates the litigation with victory for the plaintiff").  Further, the Commissioner does not dispute the issue of substantial justification and does not object to the timeliness of Plaintiff's Application for Attorney Fees.  Doc. 23.  The issue in dispute is whether Plaintiff's request for attorney fees is excessive and should be reduced. Doc. 23.

Under the EAJA, the amount of attorney fees award shall be based upon the prevailing market rates for that kind of quality of services furnished, except that "…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."  28 U.S.C. § 2412(d)(2)(A).  The burden lies with the fee applicant to establish the entitlement to an award of fees.  *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

The Commissioner argues that Adams' requested rate of $176 should be reduced because he has failed to show the reasonableness of the rate he seeks. Doc. 23.  The Commissioner argues that the allowed fee should be $3,556.25 based on 28.45 hours of attorney services billed at $125.00 per hour rather than $5,000.00 at an hourly rate of $176.00 per hour. Doc. 23, p. 7.  The

Commissioner relies on *Bryant v. Commissioner of Social Security*, 578 F.3d 443 (6th Cir. 2009) in support of its argument that the attorney fee rate should be reduced.

In *Bryant*, the Sixth Circuit upheld a district court's rejection of a higher proposed rate where the plaintiffs "submitted only the Department of Labor's Consumer Price Index,[1] arguing that the rate of inflation supported an increase in fees." *Id*. at 450. Reviewing this scant evidence, the Sixth Circuit held: "[t]his is not enough, and the district court did not abuse its discretion in denying Plaintiffs' requests." *Id*. "In requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 898, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984)). A plaintiff "must 'produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id*. (quoting *Blum,* 465 U.S. at 895 n. 11, 104 S.Ct. 1541).

Based on *Bryant*, the hourly rate in this case should be limited to $125.00 because Adams has not satisfied his burden of producing satisfactory evidence that the higher fees requested are comparable to the rates prevailing in the community. In his application for attorney fees, Adams relies on the CPI (Doc. 21, p. 4), an assertion that attorney Newman is one of the few attorneys in Northeastern Ohio who practices social security law in the Federal District Court (Doc. 21, p. 4), and an Affidavit (Doc. 21, ex. B) from attorney Newman setting forth her experience and education. This is insufficient under *Bryant*.

Adams has the burden of producing satisfactory evidence that the increased rate is comparable to the rates of practitioners of similar skill, experience, and reputation in the community. *See Willis v. Astrue*, 2012 WL 481357, at *3 (S.D. Ohio Feb. 14, 2012) ("[T]o

---

[1] CPI

comport with *Bryant*, this Court now requires additional proof such as affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate, or alternatively, results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice.") (quoting *Zellner v. Astrue*, 2012 WL 273937, at *3 (S.D. Ohio Jan. 31, 2012)(internal quotations omitted)). Adams has failed to provide the Court with any evidence that the increased hourly rate for his counsel is comparable to the rates prevailing in the community for attorneys practicing in the social security area of law. Thus, the hourly rate should be limited to the statutory cap of $125.00.

As set forth above, the Commissioner does not dispute the number of hours expended by attorney Newman. The undersigned has reviewed these hours and finds the 28.45 hours expended by attorney Newman to be reasonable.

### III. Conclusion and Recommendation

Based on the foregoing, the undersigned recommends that Adams' application for attorney fees under the EAJA (Doc. 21), be **GRANTED IN PART** and **DENIED IN PART**. The total amount due under the EAJA is $3,556.25 ($125.00 per hour for 28.45 hours).

Kathleen B. Burke
United States Magistrate Judge

Dated: July 26, 2012

4

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).